**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Rhonda Fleming,<br><br>                    Plaintiff,<br><br>v.<br><br>Medicare Freedom of Information Group; Hugh Gilmore; Vendetta Dutton; Mary Jane Collard; Department of Justice; Susan Gerson; Albert A. Balboni; and Other Unknown DOJ Officials, all in their individual and official capacities,<br><br>                    Defendants. | Case No. 15-cv-594 (DSD/HB)<br><br>**REPORT AND RECOMMENDATION** |

Rhonda Fleming, 20446-009, FCI-Waseca, P.O. Box 1731, Waseca, MN 56093, *pro se*

D. Gerald Wilhelm, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendants

HILDY BOWBEER, United States Magistrate Judge

**I.     Introduction**

       This matter is before the Court on Defendants' Motion to Transfer Venue [Doc. No. 33], which Plaintiff opposes [Doc. Nos. 43, 46].  This case has been referred to the undersigned for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends granting Defendants' motion and transferring the case to the District of Columbia.

## II.     Background

In 2007, Plaintiff was indicted in the United States District Court for the Southern District of Texas on 67 counts, including 1 count of conspiracy to commit fraud, 35 counts of health care fraud, 10 counts of wire fraud, and 21 counts related to money laundering. *See United States v. Fleming*, No. 4:07-cr-00513-1 (S.D. Tex. filed Dec. 13, 2007).  After a jury trial, Plaintiff was convicted on all 67 counts and sentenced to 360 months of imprisonment, a 3-year term of supervised release, and approximately $6.3 million in restitution.  *Id.*  The conviction and sentence were affirmed on appeal.  *See United States v. Arthur*, 432 F. App'x 414 (5th Cir. 2011).  Plaintiff is currently housed at the Federal Correctional Facility in Waseca, Minnesota.

The Complaint alleges violations of the Freedom of Information Act (FOIA) and other claims against the individual defendants.  (Compl. [Doc. No. 1].)  Because Plaintiff filed the case *in forma pauperis*, the Court screened the Complaint under 28 U.S.C. § 1915.  On review, the Court dismissed with prejudice Plaintiff's claims of false imprisonment and violations of due process, but let Plaintiff's FOIA claim and allegations of denial of access to the courts remain.  (May 18, 2015, Am. Order [Doc. No. 30]; Apr. 15, 2015, Report and Recommendation [Doc. No. 15].)

## III.    Discussion

Defendants argue that venue is improper in the District of Minnesota because it is not the district of Plaintiff's residence for venue purposes, and it is an inconvenient forum because none of the records or Defendants may be found in this district.  (Defs.' Mem. Supp. Mot. Transfer Venue at 2-5 [Doc. No. 35].)  Defendants propose transferring this case

to the Southern District of Texas, the Northern District of Texas, or the District of Columbia. (*Id.* at 5.) Plaintiff responds that this case has an actual innocence claim under 28 U.S.C. § 2241, which requires her to be in custody in the District of Minnesota, and the documents requested are located in "cyberspace" or the "cloud" and therefore accessible in this District. (Pl.'s Objections at 1-2 [Doc. No. 43].)

Venue for civil actions alleging a FOIA violation is governed by 5 U.S.C. § 552(a)(4)(B), which provides in relevant part:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

For venue to be proper in the District of Minnesota, Plaintiff would need to be a resident in this District, have her principal place of business in this District, or the records sought would have to be situated in this District. First, Plaintiff is not a resident in the District of Minnesota. Although Plaintiff is incarcerated at the Federal Correctional Facility in Waseca, Minnesota, a prisoner's place of incarceration is not considered her residence for venue purposes. *See Simbaqueba v. United States Dep't of Defense*, No. CV 309-066, 2010 WL 2990042, at *3 (S.D. Ga. May 28, 2010) (finding, in a FOIA case, that a prisoner's current physical location is not determinative for purposes of venue); *Brimer v. Levi*, 555 F.2d 656, 657 (8th Cir. 1977) (dismissing a federal prisoner's petition seeking expunction and correction of certain entries on records maintained by the FBI for improper venue in the Western District of Missouri, because he was not a resident of Missouri by virtue of his "involuntary and temporary" incarceration there). Second, neither party alleges that

Plaintiff has her principal place of business in the District of Minnesota.  Third, the records requested by Plaintiff are not in this District.  (Gilmore Decl. ¶ 6 [Doc. No. 36]; Balboni Decl. ¶ 5 [Doc. No. 37].)  Although Plaintiff appears to argue that the documents are in this District because they are accessible via "cyberspace" or the "cloud," she provides no authority for this proposition in the FOIA context, and the Court has located none.  Thus, the Court finds venue to be improper in the District of Minnesota.[1]

When venue has been incorrectly laid in a district court, the court may dismiss the case, or if in the interest of justice, transfer the case to any district in which it could have been brought.  28 U.S.C. § 1406(a).  In the interest of justice, the Court will transfer the case rather than dismiss it, so as to avoid the costs and delay associated with requiring Plaintiff to refile the case elsewhere.  As such, the question at this point is which district would be appropriate for transferring Plaintiff's case: the Northern District of Texas, the Southern District of Texas, or the District of Columbia.

Under 5 U.S.C. § 552(a)(4)(B), the District of Columbia is the only clearly proper venue.  First, the Government represents that all exhibits used in Plaintiff's trial remain in the Southern District of Texas.  (Balboni Decl. ¶ 5.)  Plaintiff, however, submits a letter from Defendant Gerson indicating that "[a] search for records located in the United States

---

[1] The Court has considered Plaintiff's argument that transferring her case elsewhere is barred because she has a pending claim under 28 U.S.C. § 2241.  While Plaintiff has moved to amend the Complaint to seek, *inter alia*, relief under 28 U.S.C. § 2241 [Doc. No. 19], the Court observes that an action under 28 U.S.C. § 2241 should proceed separately, and such a motion to amend is likely to be denied.  *See Arias v. Casmer*, No. 4:06cv3208, 2006 WL 3408117, at *2 (D. Neb. Oct. 19, 2006) (declining to combine a habeas and civil rights action in the same case).  Plaintiff may seek relief under § 2241 by filing a petition in a new action in the appropriate district.  Plaintiff's argument, therefore, carries no weight for the purposes of the instant motion.

Attorney's Office(s) for the Southern District of Texas has revealed no responsive records regarding the above subject [Self/Specific Records – USAO Southern District of Texas]." (Gerson Letter, Supplemental Br. Ex. [Doc. No. 46].) While Gerson's letter does not reflect exactly what documents Plaintiff requested, it is also unclear whether the exhibits used in Plaintiff's trial encompass the full scope of her current FOIA request. Second, the Government represents that the records requested are "probably . . . found in the Centers for Medicare and Medicaid Services Regional Office VI in Dallas." (Balboni Decl. ¶ 5; Gilmore Decl. ¶ 6.) The language of "probably," however, reflects uncertainty about whether the requested information exists and can be found in the Northern District of Texas. The remaining alternative for venue is the District of Columbia, which is always appropriate under 28 U.S.C. § 552(a)(B). The Court therefore recommends transferring this case to the District of Columbia.[2]

**IV.     Recommendation**

Based on the foregoing and all of the files, records, and proceedings herein, it is recommended that:

1. Defendants' Motion to Transfer Venue [Doc. No. 33] **GRANTED**; and
2. The case be **TRANSFERRED** to the District of Columbia.

Dated:  June 24, 2015                                                          s/ *Hildy Bowbeer*
                                                                                              HILDY BOWBEER
                                                                                              United States Magistrate Judge

---

[2]  The Court believes transferring the denial-of-access-to-the-courts claim in addition to the FOIA claim is proper, because it is predicated on the alleged FOIA violations.

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.