UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RHONDA FLEMING,**

          **Plaintiff,**

v.

**MEDICARE FREEDOM OF
INFORMATION GROUP,** *et al.*

          **Defendants.**

Civil Action No.
1:15-cv-01135 (EGS/GMH)

## MEMORANDUM OPINION AND ORDER

In this case brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, Plaintiff Rhonda Fleming, who proceeds *pro se*, has filed two motions, a "Renewed Motion for a Judge Supervised Settlement Conference" [Dkt. 130] and a "Motion for Interim Award of Fees and Costs" [Dkt. 131].[1] For the reasons that follow, both motions are denied.

### I.    BACKGROUND

Resolution of these motions does not turn on any substantive claims that Plaintiff has raised; a truncated procedural history will be useful, however. In 2010, Plaintiff was convicted in the Southern District of Texas on sixty-seven counts of Medicare-related health care fraud and related offenses in connection with her submission of fraudulent claims to Medicare using supplier numbers purchased from Hi-Tech Medical Supply and First Advantage Nursing. In February 2015, in the District of Minnesota, she filed the Complaint in this action seeking documents related to Medicare payments made to the two companies, documents related to prosecutors involved in

---

[1] Plaintiff's motions were filed on March 26, 2018. Defendants filed their opposition on April 6, 2018. Pursuant to Local Civil Rule 7(d), any reply was due on April 13, 2018. As of the date of this Memorandum Opinion and Order, no reply has been filed.

her criminal trial, and various other relief related to claims brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). [Dkt. 1]. The case was transferred to this Court in July 2015. [Dkt. 56]. During the period between July 2015 and April 2017, Plaintiff filed approximately twenty motions, including a motion for partial summary judgment and a motion that sought a referral to this Circuit's mediation program [Dkt. 88; Dkt. 110]. Defendants filed a Motion for Summary Judgment in November 2015 [Dkt. 76] and a Supplemental Motion for Summary Judgment in July 2016 [Dkt. 107].

On November 16, 2017, the undersigned issued a Report and Recommendation that recommended granting in part and denying in part Defendant's motions for summary judgment and denying Plaintiff's motion for partial summary judgment, among other things (the "November 2017 R&R"). [Dkt. 122 at 27–28]. That Report and Recommendation is currently pending before the Honorable Emmet G. Sullivan, United States District Judge. Also on November 16, 2017, the undersigned issued a Memorandum Opinion and Order denying Plaintiff's motion for mediation, among other things (the "November 2017 Order"). [Dkt. 123 at 2–3].

## II. DISCUSSION

### A. Plaintiff Failed to Receive Permission from the Court to File These Motions

On September 1, 2016, after Plaintiff had filed nearly twenty motions in just over one year, the Honorable Alan Kay, United States Magistrate Judge, ordered Plaintiff to "refrain from filing any additional motions without prior permission" from the Court. Minute Entry dated Sept. 1, 2016. Plaintiff did not seek or receive such permission to file these motions, so they may be denied on that basis alone.

### B. Motion for Settlement Conference

In this motion, Plaintiff states that she "has made a fair offer to voluntarily dismiss th[is] case," but, because she is a federal prisoner, she is "not in the best position to negotiate with the Department of Justice," which is one of the defendants here. [Dkt. 130 at 1]. She therefore seeks this Court's supervision of settlement discussions. *Id.* Defendants notes that Plaintiff is able to correspond directly with them about settlement and that there is consequently no need for judicial oversight of settlement discussions. [Dkt. 133 at 2]. They further note that they have been working to remedy the defects identified in the Report and Recommendation currently pending before Judge Sullivan, and, assuming it is adopted, plan to renew their motions for summary judgment in order to fully resolve this case. *Id.* at 1–2.

> Addressing Plaintiff's prior request to mediate this case, the November 2017 Order states:
>
> Mediation would not be useful at this time. The undersigned has recommended dismissal of all of Plaintiff's claims other than her FOIA claim against the Agency Defendants, MFIG, and the United States Department of Justice. The Agency Defendants might well be entitled to summary judgment on that claim after having performed a new search and submitted revised declarations. *See, e.g.*, *Long v. Immigrations and Customs Enforcement*, 149 F. Supp. 3d 39, 61 (D.D.C. 2015) (denying defendants' motion for summary judgment in part and allowing submission of supplemental evidence supporting motion); *Walsh v. F.B.I.*, 905 F. Supp. 2d 80, 87 (D.D.C. 2012) (denying FBI's motion for summary judgment and setting schedule for amended motion for summary judgment). Accordingly, the motion for mediation and the appointment of counsel for the purposes of mediation is denied.

[Dkt. 123 at 3]. Nothing material has changed since that order was issued and there is therefore no reason to reconsider the rationale of that order. Judicially-supervised settlement discussions would not be an efficient use of judicial resources at this time, when Plaintiff can communicate her settlement positions to Defendants without the participation of a judge or other mediator, Defendants do not see the need for judicial involvement in any settlement discussions, and Defendants

3

plan to renew their motion for summary judgment at the earliest opportunity. Plaintiff's motion for a court-supervised settlement conference is therefore denied.

C.     **Motion for Interim Award of Fees and Costs**

In the second motion, Plaintiff seeks "an award of inter[i]m fees and costs in the amount of $15,000." [Dkt. 131 at 3]. There are a number of reasons to deny this request.

First, to the extent that Plaintiff seeks attorney's fees under FOIA's fee-shifting provision, she is not entitled to them. *Pro se* litigants may not recover attorney's fees. *See, e.g.*, *Kay v. Ehrler*, 499 U.S. 432, 435–36 (1991) (entitlement to fee award requires attorney-client relationship); *accord Burka v. U.S. Dep't of Health & Human Servs.*, 142 F.3d 1286, 1289 (D.C. Cir. 1998); *Dorsen v. U.S. Sec. & Exchange Comm'n*, 15 F. Supp. 3d 112, 117 n.5 (D.D.C. 2014).

Second, to the extent that Plaintiff seeks recoverable costs, such as filing fees, the request is premature. In order to recover such costs, a plaintiff must have "substantially prevailed" in the case. 5 U.S.C. § 552(a)(4)(E)(i); *see also Morley v. CIA*, 719 F.3d 689, 690 (D.C. Cir. 2013) (per curiam). "A complainant is deemed to have substantially prevailed if [she] obtained relief through either 'a judicial order . . .' or 'a voluntary or unilateral change in position by the agency if the complainant's claim is not insubstantial.'" *Hussain v. U.S. Dep't of Homeland Sec.*, 674 F. Supp. 2d 260, 272 (D.D.C. 2009) (alteration in original). Here, the November 17 R&R, which denied Plaintiff's motion for partial summary judgment and granted in part and denied in part Defendants' motions, is still pending before Judge Sullivan. There is, therefore, no "judicial order" on which Plaintiff can rely, nor is there any indication that the agencies at issue have voluntarily changed their position in this case. Moreover, once the appropriate relief is embodied in a judicial order, the Court will then have to determine whether Plaintiff has "substantially prevailed" so as to be eligible for an award of costs. *See, e.g.*, *Terris, Pravlik & Millian, L.P. v. Ctrs. For Medicare &*

*Medicaid Servs.*, 794 F. Supp. 2d 29, 34 (D.D.C. 2011) ("Whether a plaintiff has 'substantially prevailed' is a question of fact for the District Court . . . .").

Third, a court may grant an interim award of fees and costs if the plaintiff has raised a concern that, without such an award, she will not be able to continue the litigation. *See Clemente v. FBI*, 867 F.3d 111, 121 (D.C. Cir. 2017) ("It is eminently reasonable for a district court, in determining whether to award interim fees or instead to wait to award fees until the end of the litigation, to consider factors going to the plaintiff's ability to continue the litigation."). Thus, courts may look to such factors as the financial hardship to the litigant of denying the interim fee award, the length of time the case has been pending, and the period of time until the case is concluded. *Id.* at 120. Plaintiff asserts that her litigation costs have been paid by her family, notes the case has been pending for five years, and speculates that the case will continue into the limitless future, because Defendants' "game" is "deny, deny, deny . . . the truth." [Dkt. 131 at 2–3]. Conspicuously absent is any argument that a failure to reimburse her costs—the amount of which is unspecified and unsupported, but is unlikely to be anywhere near the $15,000 she seeks—will endanger her ability to continue this litigation. Indeed, in the period since November 2017, Plaintiff has continued to prosecute this case enthusiastically, filing with the Court a total of four motions—one of them an omnibus motion—all in violation of Judge Kay's September 1, 2016 Order. [Dkt. 127; Dkt. 130; Dkt. 131; Dkt. 132]. And, as noted above, Defendants plan to renew their motion for summary judgment at the earliest opportunity, so this action might well be resolved in relatively short order. Plaintiff has not, therefore, made a sufficient showing of hardship. *See, e.g.*, *Allen v. F.B.I.*, 716 F. Supp. 667, 672 (D.D.C. 1988) ("Interim awards, if allowed, must be granted sparingly, and only in those instances where great hardship is alleged. An award of interim

fees at this point of the litigation is premature, even though seven years have elapsed since the initial filing of this action.").

Finally, as indicated above, Plaintiff has provided nothing to support the amount she has requested. Generally, even if a plaintiff is eligible to recover costs, a request is "properly denied for want of substantiation." *Blazy v. Tenet*, 194 F.3d 90, 97–98 (D.C. Cir. 1999). Plaintiff here seeks $15,000, but provides no proof that any such amount was expended on this litigation. Indeed, the only amount supported is Plaintiff's $400 filing fee, which was paid in April 2015. [Dkt. 13]; *see Blazy*, 194 F.3d at 98 (finding that court "had documentary evidence that [the plaintiff] paid his filing fees. His appearance before the court attests to that fact."). But even that amount is not compensable at this time for the reasons discussed above.

In sum, Plaintiff is not entitled to an interim award of fees.

### III.  ORDER

Upon consideration of the record and the reasons stated above, it is hereby

**ORDERED** that Plaintiff's Renewed Motion for a Judge Supervised Settlement Conference [Dkt. 130] is **DENIED**; it is further

**ORDERED** that Plaintiff's Motion for Interim Award of Fees and Costs [Dkt. 131] is **DENIED**.

**SO ORDERED.**


Date:  April 20, 2018                                   _____
                                                       G. MICHAEL HARVEY
                                                       UNITED STATES MAGISTRATE JUDGE