UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RHONDA FLEMING,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MEDICARE FREEDOM OF INFORMATION GROUP,** *et al.*<br><br>**Defendants.** | Civil Action No.<br>1:15-cv-01135 (EGS/GMH) |

# MEMORANDUM OPINION AND ORDER

Plaintiff has filed a "Motion for Judgment on the Pleadings" [Dkt. 138], in which she argues that three motions she previously filed—one requesting a settlement conference, one requesting an interim award of costs and fees, and one requesting withdrawal of a prior motion to transfer her case—were not opposed by Defendants and that, therefore, the Court "may treat the motion[s] as conceded" pursuant to Local Civil Rule 7(b).

Each of those motions has already been resolved. The undersigned denied the "Renewed Motion for a Judge Supervised Settlement Conference" [Dkt. 130] and the "Motion for Interim Award of Fees and Costs" [Dkt. 131] in a Memorandum Opinion and Order dated April 20, 2018 [Dkt. 135]. The Honorable Emmet G. Sullivan, United States District Judge, denied as moot Plaintiff's "Motion to Withdraw Transfer Request" [Dkt. 132] on April 26, 2018, when he adopted the undersigned's Report and Recommendation dated January 30, 2018 [Dkt. 129], which recommended denying Plaintiff's underlying motion to transfer. Because the prior motions that are the bases for this present motion have all been denied, the present motion shall be denied as moot.

In addition, Plaintiff's representation that Defendants did not file any opposition to the three prior motions listed above is not accurate, although Plaintiff has some excuse for her confusion. On April 6, 2018, eleven days after Plaintiff filed those motions, Defendants filed an omnibus opposition to all three. [Dkt. 133]. The certificate of service reveals, however, that they served the opposition by mailing it to Plaintiff at Federal Prison Camp Bryan, in Bryan, Texas. [Dkt. 133 at 4]. Plaintiff apparently no longer resides at that Bureau of Prisons Facility. In the sixth paragraph of her "Renewed Motion for a Judge Supervised Settlement Conference," she indicates that she would be available to participate in a settlement conference by phone from the "Secure Female Facility–Hazelton." [Dkt. 130 at 1]. Thus, Plaintiff may not have received Defendants' opposition. What is clear is that Plaintiff did not comply with Local Civil Rules 5.1(c)(1) and 11.1, which require that a *pro se* party whose address has changed to file a notice of that address change with the Clerk of Court within fourteen days. Plaintiff filed no such notice (although she appears to be aware of the local rule, as she previously filed a Notice of Change of Address on January 15, 2016, when she was moved between two other Bureau of Prisons facilities [Dkt. 91]).[1]

In any case, even had Defendants failed to file an opposition, the Court would not have deemed the motions conceded, as they were facially frivolous, meritless, or both.

Finally, Plaintiff is again warned that pursuant to an order entered in this case on September 1, 2016, she must seek permission from the Court before filing motions in this case. Minute Entry dated Sept. 1, 2016. Pursuant to that Order, any future motions filed without receiving prior permission, and any currently pending motions for which permission was not received, may be summarily denied.

---

[1] Defendants are cautioned, however, that because inmates in Bureau of Prisons facilities are transferred regularly, it is best practice to check on the location of a *pro se* prisoner litigant using the Bureau of Prison's Inmate Locator, available at https://www.bop.gov/inmateloc/.

2

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Judgment on the Pleadings [Dkt. 138] is **DENIED AS MOOT**.

**SO ORDERED.**


Date:  May 4, 2018                              _____
                                                G. MICHAEL HARVEY
                                                UNITED STATES MAGISTRATE JUDGE