UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RHONDA FLEMING,**

             **Plaintiff,**

v.

**MEDICARE FREEDOM OF
INFORMATION GROUP,** *et al.*

             **Defendants.**

Civil Action No.
1:15-cv-01135 (EGS/GMH)

## MEMORANDUM OPINION AND ORDER

This is a Freedom of Information Act ("FOIA") case in which Plaintiff seeks records related to her criminal conviction for health care fraud in the Southern District of Texas. Though Plaintiff's ultimate goal appears to be to prove that she is actually innocent of these crimes, the single claim before this Court is the adequacy of Defendants' FOIA searches. Because Plaintiff is a prolific filer, in 2016 the Court required her to obtain permission from the Court before making new filings in this case, and reminded her of that obligation most recently on May 25, 2018. Thereafter, in a span of eleven days, Plaintiff filed three Motions for Permission to File Pleadings, in which she requests permission to file a "Motion to Proceed *In Forma Pauperis*/Appointment of Counsel" and "Motion for Evidentiary Hearing/Discovery" [Dkt. 148-1], a "Motion to Expedite Proceedings" [Dkt. 150-1], and a "Motion to File Status Document" [Dkt. 151-1].[1] Defendants'

---

[1] The docket entries relevant to this memorandum opinion are: (1) Plaintiff's Complaint [Dkt. 1]; (2) the November 2017 Report & Recommendation [Dkt. 122]; (3) Plaintiff's "Motion for Relief from Two Judgments Pursuant to Rule 60(d)(3) and the All Writs Act" [Dkt. 136]; (4) Defendants' Opposition to Plaintiff's Motion for Two Judgments [Dkt. 145]; (5) Plaintiff's Reply to Defendants' Opposition [Dkt. 149]; (6) Plaintiff's "Motion to Proceed *In Forma Pauperis*/Appointment of Counsel" and "Motion for Evidentiary Hearing/Discovery" [Dkt. 148-1]; (7) Plaintiff's "Motion to Expedite Proceedings" [Dkt. 150-1]; (8) Plaintiff's "Motion to File Status Document" [Dkt. 151-1]; and (9) Defendants' Opposition [Dkt. 154]. All citations to page numbers within a particular document will be to the ECF docket page numbers assigned to the document.

opposition to all three motions was filed on June 7, 2018.² [Dkt. 154]. For the reasons that follow, all of Plaintiff's Motions for Permission to File Pleadings will be denied.

## I. BACKGROUND

In 2010, Plaintiff was convicted in the Southern District of Texas on 67 counts of Medicare-related health care fraud and related offenses in connection with her submission of fraudulent claims to Medicare using supplier numbers purchased from Hi-Tech Medical Supply and First Advantage Nursing. *See* Judgment, *United States v. Fleming*, No. 4:07-cr-513 (S.D. Tex. Feb. 8, 2010), ECF No. 626. Plaintiff alleges that she was not provided with Medicare billing records during her criminal trial. [Dkt. 1 at 1–2]. In May 2014, she filed FOIA requests with the Medicare Freedom of Information Group ("MFIG") and the Executive Office of U.S. Attorneys ("EOUSA"). *Id.* at 2. Dissatisfied with Defendants' response, Plaintiff filed a Complaint in the United States District Court for the District of Minnesota alleging that Defendants failed to release records within the scope of her FOIA requests and seeking a declaratory judgment, damages, and attorney's fees for various alleged violations of her civil rights, including claims asserting that the prosecution fabricated evidence at her criminal trial. *Id.* at 3–4. All of Plaintiff's *Bivens* and due process claims were dismissed by the District of Minnesota. *See* Dkt. 15 at 3–4.

The case was transferred to this Court in July 2015. *See* Dkt. 56. The single claim before this Court is Plaintiff's FOIA claim. *See* Dkt. 122 at 2. Plaintiff has been a prolific and duplicative filer, which resulted in an order dated September 1, 2016, requiring her to seek permission from the Court before filing motions in this case (the "September 1, 2016 Order"). Minute Entry dated Sept. 1, 2016. Most recently, she has filed the following submissions relevant to this motion: "Motion for Appointment of Counsel" and "Motion for Video Conference Evidentiary Hearing"

---

² As of the date of this memorandum opinion, Plaintiff has not filed a reply to Defendants' opposition [Dkt. 154].

2

[Dkt. 58 (denied at Dkt. 97)]; "Motion for Writ of Ad Testificandum" [Dkt. 67 (denied at Dkt. 97)]; "Motion for Discovery" [Dkt. 68 (denied at Dkt. 97)]; "Motion for Appointment of Counsel" and "Motion to Proceed *In Forma Pauperis*" [Dkt. 70 (denied at Dkt. 97)]; "Motion to Expedite Recognition" [Dkt. 77 (denied at Dkt. 97)]; "Motion for Evidentiary Hearing" [Dkt. 88 (denied at Dkt. 122)]; "Motion for Partial Summary Judgment" [Dkt. 88 (denied at Dkt. 122)]; "Motion for Appointment of Counsel" [Dkt. 110 (denied at Dkt. 123)]; and "Motion for Leave to File Pleadings," which included a "Motion for Appointment of Counsel" [Dkt. 118]. The Court denied this last motion on the grounds that the Court had previously denied Plaintiff's request for appointment of counsel and because Plaintiff at the time had another motion for appointment of counsel pending before the Court. Minute Entry dated Jan. 23, 2017.

On November 16, 2017, the undersigned issued a Report and Recommendation that recommended granting in part and denying in part Defendants' motion for summary judgment and denying Plaintiff's motion for partial summary judgment (the "November 2017 R&R"). [Dkt. 122 at 27–28]. That Report and Recommendation was adopted by District Judge Emmet G. Sullivan on June 6, 2018. [Dkt. 152]. Also pending before the Court is Plaintiff's "Motion for Relief from Two Judgments Pursuant to Rule 60(d)(3) and the All Writs Act" [Dkt. 136], which will be addressed by the undersigned in a separate report and recommendation[3] [Dkt. 162]. Pursuant to the September 1, 2016 Order, the Court now considers Plaintiff's motions for permission to file pleadings.[4] [Dkt. 148; Dkt. 150; Dkt. 151].

---

[3] When a "pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement" is referred to a magistrate judge, the analysis takes the form of a Report and Recommendation. Fed. R. Civ. P 72(b)(1), (3); *see also* 28 U.S.C. § 636(b).

[4] Pursuant to Rule 72 of the Federal Rules of Civil Procedure, a magistrate judge may rule on non-dispositive matters referred to him in an Order; the referring district judge will set aside any part of the Order to which objections have been filed only if it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b).

## II. LEGAL STANDARD

Although district courts should respond to prolific *pro se* litigants with "determination and imagination," *In re Green*, 669 F.2d 779, 786 (D.C. Cir. 1981), "the court has an obligation to protect and preserve the sound and orderly administration of justice," *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)). To serve this obligation, a district court may "enjoin litigants who abuse the court system." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (*per curiam*). *See also* 28 U.S.C. § 1651(a) ("[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). Litigiousness alone does not rise to the level of abuse, however. The court should also take into account both the "number and content of . . . filings, and the effect of those filings on the agencies and the district court." *In re Powell*, 851 F.2d 427, 433–34 (D.C. Cir. 1988). "Faced with a situation where its docket [is] burdened and defendants [are] being called upon to answer multiple, impenetrable [pleadings], a district court [may be] justified in taking action." *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980).

## III. DISCUSSION

Presently before the Court are Plaintiff's motions for permission to file a motion to proceed *in forma pauperis* [Dkt. 148-1], a motion for appointment of counsel [Dkt. 148-1], a motion for an evidentiary hearing or discovery [Dkt. 148-1], a motion to expedite proceedings [Dkt. 150-1], and a motion to file status documents [Dkt. 151-1]. In this action, Plaintiff has twice filed motions to proceed *in forma pauperis* [Dkt. 2; Dkt. 70], both of which were denied by the Court. *See* Dkt. 3 at 4; Dkt. 97 at 18. Plaintiff has filed five motions for appointment of counsel [Dkt. 41; Dkt. 58; Dkt. 70; Dkt. 110; Dkt. 118], all of which were denied by the Court. *See* Dkt. 55 at 4; Dkt. 97 at

18; Dkt. 123 at 3; Minute Entry dated Jan. 23, 2017. Plaintiff has filed six motions for discovery or evidentiary hearings [Dkt. 4; Dkt. 41; Dkt. 58; Dkt. 68; Dkt. 88; Dkt. 119], all of which were denied by the Court. *See* Dkt. 55 at 4; Dkt. 97 at 18; Dkt. 122 at 28; Minute Entry dated Jan. 23, 2017. Finally, Plaintiff has filed three motions for expedited proceedings [Dkt. 11; Dkt. 26; Dkt. 77], all of which were denied by the Court. *See* Dkt. 55 at 4; Dkt. 97 at 18. Accordingly, Plaintiff's motions for leave to file motions to proceed *in forma pauperis*, for appointment of counsel, for discovery or an evidentiary hearing, and for expedited proceedings are denied because the Court has denied nearly identical motions in the past, and Plaintiff asserts no new factual allegations or legal arguments in support of her motions now. [Dkt. 148-1; Dkt. 150-1].

Furthermore, these motions will be denied because the arguments she presents are not meritorious. Specifically, Plaintiff is not eligible for *in forma pauperis* status because she has triggered the "three strikes" provision of section 1915(g) of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321-66 to 77 (codified at 11 U.S.C. § 523; 18 U.S.C. §§ 3624, 3626; 28 U.S.C. §§ 1346, 1915, 1915A, 1932; 42 U.S.C. §§ 1997−1997h), and has not shown "imminent danger of serious physical injury" such that she would be entitled to an exception to the statute.[5] *See* 28 U.S.C. § 1915(g); *see also Fleming v. Ratliff*, 235 F.3d 1341, WL 1672906, at

---

[5] Here, Plaintiff claims that she was "found to be in imminent danger in accordance with Section 1915(g)" in *Fleming v. United States*, No. 7:17-cv-0009, (N.D. Tex. filed Feb. 3, 2017), and "remains under attack from LGBTQ male and female inmates who allege they are transgender persons . . . because the defendants in the other case have not removed male inmates from the women's federal prisons." [Dkt. 148-1 at 1–2]. However, Plaintiff's case in Texas is unrelated to her FOIA case before this Court. Moreover, Plaintiff is no longer incarcerated in that Texas prison. *See* Minute Entry dated Apr. 20, 2018 (as of this date it appears Plaintiff is incarcerated at the Federal Correctional Institution in Hazelton, West Virginia). In a letter filed with the Court on June 21, 2018, Plaintiff asserted that she was being "beaten and tortured" in the West Virginia facility in which she is currently incarcerated. [Dkt. 157]. The Court forwarded Plaintiff's letter to the U.S. Attorney's Office for the Northern District of West Virginia and the Federal Bureau of Investigation Field Office in Pittsburgh, Pennsylvania, and ordered a response from Defendants. *See* Minute Entry dated June 22, 2018. In response, Defendants disputed all of Plaintiff's claims and asserted that "Plaintiff later denied that she had been abused and claimed she did not fear for her safety at Hazelton." [Dkt. 160 at 2]. It is now clear that, between the dates of May 31, 2018, and June 25, 2018, Plaintiff has made those same allegations repeatedly in a case pending in the Northern District of West Virginia. *See Fleming v. Warden of SFF Hazelton*, Case No. 5:18-cv-43 (N.D. W. Va.), ECF Nos.14 (alleging that prison officials have mistreated Plaintiff); 20 (alleging that prison officials have denied Plaintiff access to the courts); 25 (alleging beating and torture at the hands of prison officials);

*1 (5th Cir. 2000) (*per curiam*) (unpublished table disposition) (barring Plaintiff from "proceeding IFP in any civil action or appeal brought in a United States court unless she is under imminent danger of serious physical injury"). Similarly, even if Plaintiff were eligible for appointment of counsel under section 1915(e)(1),[6] each of the factors in Local Civil Rule 83.11(b)(3) weigh against appointment of counsel in this case. 28 U.S.C. 1915(e)(1); D.D.C. Civ. R. 83.11(b)(3). As for discovery, it is rarely granted in FOIA cases and Plaintiff has not adequately shown that Defendants have acted in bad faith such that granting discovery would be justified here. *See Voinche v. FBI*, 412 F. Supp. 2d 60, 71−72 (D.D.C. 2006). Finally, Plaintiff has not shown good cause under 28 U.S.C. § 1657(a) such that expediting proceedings in this case would be appropriate. Thus, as all of Plaintiff's proposed motions are both meritless and duplicative of those that have been denied by the Court in the past, permission to file them will be denied.

Plaintiff also requests permission to file "document[s] on the status of the Defendant's production of records," that purportedly "will aid in the administration of justice and later reduce

---

30 (alleging beating in retaliation for lawsuit); 31 (alleging sexual assault by prison officials); 33 (same). As the Northern District of West Virginia is both the district in which Plaintiff is held and the district in which this alleged conduct occurred, that is a more appropriate venue in which to present these claims. *See* Minute Entry dated June 29, 2018. Plaintiff has also failed to show that the imminent danger alleged has any connection to her FOIA case before this Court. *See McFadden v. U.S. Dep't of Justice*, 270 F. Supp. 3d 82, 87−90 (D.D.C. 2017) (revoking the plaintiff's *in forma pauperis* status because he violated section 1915(g)'s three strikes provision, and noting that "[m]ultiple decisions from this district . . . as well decisions in every circuit to have resolved the issue, agree that § 1915(g) requires some nexus between the imminent danger asserted by the prisoner and the cause of action the prisoner seeks to litigate IFP"); *see also Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1074 (D.C. Cir. 2015) (quoting *Pinson v. Samuels*, 761 F.3d 1, 5 (D.C. Cir. 2014)) ("[T]he availability of the imminent danger exception turns on 'whether the prisoner is under imminent danger of serious physical injury when he bring[s] his action,' not 'whether he later in fact suffers' (or earlier suffered) such a threat."). Accordingly, since Plaintiff has three strikes and has failed to show that she is in imminent danger of serious physical injury related to her FOIA case, she does not qualify for section 1915(g)'s exception, and her motion to proceed *in forma pauperis* is denied.

[6] Some courts interpret the language in section 1915(g)—"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section . . ."—to bar prisoners who trigger its three strikes provision from receiving any benefit under section 1915, including appointment of counsel under section 1915(e)(1). *See, e.g., Brightwell v. Lehman*, 637 F.3d 187, 192 & n.6 (3d Cir. 2011). In the D.C. Circuit, the decision of whether to appoint counsel ultimately lies within the district court's discretion. *See Debrew v. Atwood*, 792 F.3d 118, 131 n.*** (D.C. Cir. 2015) ("Some circuit courts have held a prisoner who is ineligible to proceed in forma pauperis under 28 U.S.C. § 1915(g) is therefore also ineligible to obtain appointed counsel under 28 U.S.C. § 1915(e)(1) . . . We leave to the district court to decide in the first instance whether it may appoint counsel under § 1915(e)(1) or any other authority.").

the litigation in the case." [Dkt. 151 at 1]. The documents in question are a FOIA request letter from Plaintiff dated March 17, 2015, which includes an excerpt from the indictment in her criminal case in the Southern District of Texas [Dkt. 151-1 at 4−7]; a letter from Defendant Hugh Gilmore, Director of Freedom of Information Group, dated April 10, 2018, *id.* at 8−9; additional FOIA findings referenced by Mr. Gilmore in his April 10 letter, *id.* at 10; and previous records released to Plaintiff in response to her prior FOIA requests, *id.* at 11−21. Because filing these documents on their own is unnecessary and serves only to clutter the docket, Plaintiff's motion for permission to file status documents will be denied. Plaintiff may, of course, attach newly obtained documents related to her FOIA request as exhibits to a future opposition or cross-motion for summary judgment in support of her argument that Defendants' FOIA searches remain inadequate.

Finally, in the interest of the "sound and orderly administration of justice," *Urban*, 768 F.2d at 1500, Plaintiff is warned that filing future motions (including motions for permission to file motions) that are duplicative or repetitive of motions that have previously been filed and denied by the Court, or that address claims other than those at issue in this current action, will result in those motions being summarily dismissed.[7]

For the foregoing reasons, it is hereby

---

[7] Plaintiff was issued similar warnings in *United States v. Fleming* by both the district court, Criminal Action H–07–513–01, 2017 WL 3411920, at *2 (S.D. Tex. June 1, 2017) ("Defendant is warned that her persistent abuse of the judicial system by raising arguments or claims that have been raised and addressed in her prior motions or proceedings before this Court . . . will result in this Court's imposition of sanctions against her, including, but not limited to, monetary penalties and limitations on her ability to file further lawsuits, motions, or pleadings. Moreover, Defendant's continued conduct in pursuing frivolous or repetitive filings regarding the same subject matter will subject her to additional and progressively more severe sanctions."), and by the Fifth Circuit, 694 F. App'x 349 (5th Cir. 2017) ("Fleming is WARNED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction.").

**ORDERED** that Plaintiff's Motion for Permission to File Pleadings [Dkt. 148], Motion for Leave to File Motion to Expedite Proceedings [Dkt. 150], and Motion for Leave to File Status Document [Dkt. 151] are **DENIED**.

**SO ORDERED.**

Date: July 24, 2018

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE