UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RHONDA FLEMING,

    Plaintiff,

  v.

MEDICARE FREEDOM OF
INFORMATION GROUP, *et al.*,

    Defendants.

Civ. Action No. 15-1135 (EGS)

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Rhonda Fleming was sentenced to 360 months in prison and ordered to pay $6.3 million in restitution after being convicted on over sixty counts of healthcare fraud and other related offenses in the Southern District of Texas. Ms. Fleming now alleges that she was not provided with certain Medicare records during her criminal trial. *See* Compl., ECF No. 1 at 1-2.[1] Proceeding *pro se*, Ms. Fleming brings suit against the Medicare Freedom of Information Group — which the government has construed as being against the Centers for Medicare and Medicaid Services ("CMS") — and others seeking those records pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

    Because Ms. Fleming is a prolific filer, the Court required her to obtain permission from the Court before making

---

[1] When citing electronic filings throughout this opinion and order, the Court cites to the ECF page number, not the page number of the filed document.

1

new filings in this case. Minute Order of Sept. 1, 2016. Pending before the Court are Ms. Fleming's objections to Magistrate Judge Harvey's Report and Recommendation dated July 24, 2018 ("R&R"), which recommends that the Court deny Ms. Fleming permission to file a motion for relief from two judgments pursuant to Rule 60(d)(3) and the All Writs Act. *See* R&R, ECF No. 162. Defendants have not objected to the R&R. For the reasons set forth below, and upon consideration of the R&R, Ms. Fleming's objections to the R&R, and the relevant law, the Court accepts the findings and adopts the recommendations of Magistrate Judge Harvey contained in the R&R and **DENIES** Ms. Fleming permission to file the motion.

I. **Factual Background**

The Court will not restate the full factual background of this case, which is set forth in detail in Magistrate Judge Harvey's prior R&R and reiterated in this Court's Memorandum Opinion adopting that R&R. *See* R&R, ECF No. 122 at 2-5; Mem. Op., ECF No. 152 at 2-3. Briefly, at the center of this lawsuit are FOIA requests made to CMS and the Executive Office for United States Attorneys requesting documents "pertaining to Hi-Tech Medical Supply and First Advantage Nursing," which were the companies from whom Ms. Fleming purchased supplier numbers in her scheme to submit fraudulent claims to Medicare. *See* Compl., ECF No. 1 at 2; R&R, ECF No. 122 at 2-3. Ms. Fleming asserts

that defendants failed to release records within the scope of her FOIA request, and requests that the Court require production of the records; enter a declaratory judgment against all defendants for violating FOIA, obstructing justice, denying her access to the courts, violating her due-process rights, and falsely imprisoning her; and award her compensatory and punitive damages. *See* Compl., ECF No. 1 at 4. Ms. Fleming initially filed her suit in the District of Minnesota, which dismissed her due-process and false-imprisonment claims pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* R&R, ECF No. 15 at 3-4. The case was then transferred to this district. Notice of Transfer, ECF No. 56. Thereafter, this Court dismissed a bevy of Ms. Fleming's motions in its Memorandum Opinion dated June 6, 2018. Mem. Op., ECF No. 152. Relevant to this motion, the Court dismissed Ms. Fleming's motion for partial summary judgment in which she brought claims for fraud against the government. *Id.* at 2-3. The sole claim remaining before this Court is her FOIA Claim.

In her request for permission to file her motion for relief, Ms. Fleming requests that the Court vacate two previous judgments. The first is a judgment for civil forfeiture. *United States v. $670,706.55*, No. 4:05-cv-00718 (S.D. Tex. Feb. 24, 2009), aff'd, 367 F. App'x 532 (5th Cir. 2010). *See* Pl.'s Mot. for Relief, ECF No. 136 at 1. The second was her criminal

conviction. U*nited States v. Fleming*, No. 4:07-cr-513-1 (S.D. Tex. filed Dec. 13, 2007), aff'd, *United States v. Arthur*, 432 F. App'x 414 (5th Cir. 2011). *Id.* Ms. Fleming's civil forfeiture arose out of her conviction for health care fraud as the government sought to seize the proceeds that were traceable to that fraud. *Fleming*, 367 F. App'x at 533. She alleges both judgments were fraudulently obtained by the government. *See* Pl.'s Mot. for Relief, ECF No. 136 at 1–3.

The R&R recommends that the Court deny Ms. Fleming permission to file the motion. The R&R found that Ms. Fleming's arguments supporting her motion to vacate the two judgments are "nearly identical to those she raised in her previous motion for partial summary judgment, which were rejected by [Magistrate Judge Harvey] in the [November 2017 R&R], which was adopted by [this Court]. R&R, ECF No. 162 at 4 (citing Mem. Op., ECF No. 152). Further, the R&R noted that "the District of Minnesota has already dismissed all of Plaintiff's *Bivens* claims based on alleged attorney misconduct in connection with Plaintiff's criminal case as barred by *Heck v. Humphrey*." *Id.* (citing Rep. and Recommendation, ECF No. 15 at 3–4; *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). Therefore, the R&R recommends that the Court deny permission to file the motion, which seeks to raise claims previously rejected by this Court, as barred by the law of the case doctrine. *Id.* at 5.

4

Ms. Fleming timely filed her objections to the R&R, and this motion is ripe for adjudication. Pl.'s Obj., ECF No. 165.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 72(b), once a magistrate judge has entered a recommended disposition, a party may file specific written objections. The district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3). Proper objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for objection." Local Civ. R. 72.3(b). "As numerous courts have held, objections which merely rehash an argument presented to and considered by the magistrate judge are not 'properly objected to' and are therefore not entitled to de novo review." *Shurtleff v. U.S. Envtl. Prot. Agency*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013).

## III. Analysis

In her motion, Ms. Fleming argued that defendants committed fraud on both the court that presided over her criminal case and this Court. *See* Pl.'s Mot. for Relief, ECF No. 136 at 1. In the R&R, Magistrate Judge Harvey rejected her claim on the grounds that her allegations regarding fraud on the court in her criminal case were barred under the law-of-the-case doctrine.

Ms. Fleming disagrees.

"[T]he law-of-the-case doctrine [provides that] the *same issue* presented a second time in the *same case* in the *same court* should lead to the *same result*." *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996); *see id.* (noting that "[i]nconsistency is the antithesis of the rule of law" and that "[f]or judges, the most basic principle of jurisprudence is that we must act alike in all cases of like nature" (internal quotation marks omitted)). The doctrine is applicable to "questions decided 'explicitly or by necessary implication.'" *Id.* at 1394 (citation omitted). Indeed, "the law of the case [doctrine] turns on whether a court previously 'decide[d] upon a rule of law' . . . [,] not on whether, or how well, it explained the decision." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).

These principles also apply to rulings of coordinate courts on matters before a current Court. "A decision of a court of coordinate status is entitled to be considered 'law of the case.'" *Hill v. Henderson*, 195 F.3d 671, 678 (D.C. Cir. 1999)(quoting *Christianson*, 486 U.S. at 817 (1988)). "Once a prior decision has become the law of the case, it should not be disturbed by a court of coordinate jurisdiction." *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp. 2d 258, 262 (D.D.C. 2002) (internal quotation marks and

6

citation omitted). This "promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Christianson*, 486 U.S. 816 (internal quotation marks and citation omitted). Accordingly, reconsideration of the law of the case is only appropriate where there are "exceptional circumstances" or where it is necessary to prevent a "grave injustice." *U.S. ex rel. Pogue*, 238 F. Supp. 2d at 262. Here, the District of Minnesota dismissed Ms. Fleming's *Bivens* claims based on prosecutorial misconduct in her criminal case prior to transferring the case to this district. R&R, ECF No. 122 at 20.

Ms. Fleming argues that the law of the case doctrine does not apply to this case because the Court's decision was interlocutory and because there is no final judgment in this case, and therefore her Rule 60 claims are not barred. However, her judgments in the cases she asks this Court to overturn, the judgment of civil forfeiture and criminal conviction, are indeed final judgments. *See infra* at 3-4. In any event, even if the judgments were not final, the decision to revisit a prior ruling is discretionary. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)("every order short of a final decree is subject to reopening at the discretion of the district judge."). And as this Court stated in its prior opinion, Ms. Fleming has provided "no compelling reason to disturb the District of Minnesota's findings here." Mem. Op.,

ECF No. 152 at 6.

Ms. Fleming also argues that the Court has never considered her evidence supporting fraud in this Court. Pl.'s Obj., ECF No. 165 at 2. However, the Court's prior ruling in this case clearly explained that the evidence supporting her argument for fraud on the Court was insufficient to save her claims. Mem. Op., ECF No. 152 at 7. The Court was clear that it considered the evidence cited in Ms. Fleming's motion, and that evidence was not enough to show by "clear evidence that a fraud was perpetrated on this Court." *Id.* (citing Pl.'s Mot. for Relief, ECF No. 136 at 1). Ms. Fleming's arguments are the same as those she presented in her motion for partial summary judgment. The law of the case applies. The Court therefore adopts the R&R's recommendation to deny Ms. Fleming permission to file a motion for relief from two judgments. *See* R&R, ECF No. 162.

**IV. Conclusion and Order**

For the foregoing reasons, it is hereby **ORDERED** that Ms. Fleming's request to file a motion for relief from two judgments pursuant to Rule 60(d)(3) and the All Writs Act is **DENIED**.

**SO ORDERED.**

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**June 13, 2019**

8