**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RHONDA FLEMING,**<br><br>                 **Plaintiff,**<br><br>v.<br><br>**MEDICARE FREEDOM OF INFORMATION GROUP,** *et al.*<br><br>                 **Defendants.** | Civil Action No.<br>1:15-cv-01135 (EGS/GMH) |

## MEMORANDUM OPINION AND ORDER

In this long-running case under the Freedom of Information Act ("FOIA"), the undersigned filed a Report and Recommendation on Defendants' motion for summary judgment on April 4, 2019, that recommended granting the motion in large part and denying it on two very narrow grounds: Defendants had not shown that certain requested personnel records were not in its custody or control and they had not adequately established that certain identificatory numbers in a spreadsheet of Medicare claims that it had produced were properly redacted under Exemption 6. ECF No. 184 at 14–16, 23–26. Judge Sullivan adopted that Report and Recommendation on June 13, 2019, and set a due date for the filing of a further motion for summary judgment. ECF No. 186. Defendants timely filed that motion on July 29, 2019. ECF No. 187. Plaintiff, who proceeds *pro se*, filed on August 26, 2019—two days before her opposition to Defendants' pending motion for summary judgment was due—a motion requesting discovery as well as an extension of time to file "objections" (by which she presumably means her opposition to Defendants' summary judgment motion). ECF No. 189. It is that motion of Plaintiff's that is currently before the Court.

First, Plaintiff, a prolific filer of non-meritorious requests, must seek permission to seek permission before she files motions in this case—a requirement of which she has been reminded numerous times. *See, e.g.*, *Fleming v. Medicare Freedom of Information Grp.*, No. 15-cv-1135, 2019 WL 24062814, at *1 (D.D.C. June 13, 2019) (noting that "[b]ecause [Plaintiff] is a prolific filer," the Court in September 2016 "required her to obtain permission before making new filings in this case"); *Fleming v. Medicare Freedom of Information Grp.*, No. 15-cv-1135, 2018 WL 3549791, at *2 (D.D.C. July 24, 2018) ("Plaintiff has been a prolific and duplicative filer, which resulted in an order dated September 1, 2016, requiring her to seek permission from the Court before filing motions in this case . . . ."); *Fleming v. Medicare Freedom of Information Grp.*, No. 15-cv-1135, 2018 WL 8577960, at *2 (D.D.C. July 24, 2018) (same); *Fleming v. Medicare Freedom of Info. Grp.*, 310 F. Supp. 3d 50, 52 (D.D.C. 2018) ("On September 1, 2016, after Plaintiff had filed nearly twenty motions in just over one year, the Honorable Alan Kay, United States Magistrate Judge, ordered Plaintiff to 'refrain from filing any additional motions without prior permission' from the Court."); *see also* ECF No. 147 at 1 ("[P]ursuant to an order entered in this case on September 1, 2016, Plaintiff must seek permission from the Court before filing motions in this case."). She has not done so here, so the motion "may be denied on that basis alone." *Fleming*, 310 F. Supp. 3d at 52.

Second, this is Plaintiff's seventh motion seeking discovery in this case. The previous six have all been denied. *See Fleming*, 2018 WL 3549791, at *2 ("Plaintiff has filed six motions for discovery or evidentiary hearings, all of which were denied by the Court." (citing ECF Nos. 4, 41, 58, 68, 88, 119)). "[B]ecause the Court has denied nearly identical motions in the past, and Plaintiff asserts no new factual allegations or legal arguments in support" of her present motion for discovery, the motion will also be denied. *Id.*

Third, the request for discovery "will be denied because the arguments she presents are not meritorious." *Id.* at *3. "[D]iscovery . . . is rarely granted in FOIA cases and Plaintiff has not adequately shown that Defendants have acted in bad faith such that granting discovery would be justified here." *Id.* (citing *Voinche v. FBI*, 412 F. Supp. 2d 60, 71–72 (D.D.C. 2006)). Moreover, the discovery she seeks—information that "reasonably details the exact dollar amount of the [Medicare] claims" that formed the basis for Plaintiff's conviction for Medicare-related health care fraud and related offenses, *see, e.g.*, *Fleming*, 310 F Supp. 3d at 51—has nothing to do with the two tightly circumscribed issues still alive in the case, which concern (1) whether Defendants have possession, custody, or control over certain personnel records and (2) the propriety of Defendants' invocation of Exemption 6 over certain identification numbers redacted from a spreadsheet of Medicare claims Defendants provided to Plaintiff in response to her FIOA requests.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's motion for discovery and an extension of time (ECF No. 189) is **DENIED** as to the request for discovery. It is further

**ORDERED** that the motion is **GRANTED** to the extent that it seeks an extension of time to file an opposition to Defendants' pending motion for summary judgment. It is further

**ORDERED** that Plaintiff's opposition to Defendants' motion for summary judgment and/or cross motion for summary judgment shall be filed on or before **September 30, 2019**. Plaintiff is directed to the notice included in Defendants' motion regarding the requirements to oppose a motion for summary judgment. ECF No. 187 at 2; *see also Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992). It is further

3

**ORDERED** that Defendants' reply in further support of their motion for summary judgment and/or opposition to Plaintiff's cross motion shall be filed on or before **October 14, 2019**. It is further

**ORDERED** that Plaintiff's reply in further support of her cross motion, if any, shall be filed on or before **October 28, 2019**.

Defendants are reminded that, pursuant to an order entered on October 17, 2018, they must serve all submissions in this case, other than authorized *ex parte* submissions, on Plaintiff at her address of record by certified mail. ECF No. 173.

**SO ORDERED.**

Date: August 29, 2019

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE