UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RHONDA FLEMING,<br><br>            Plaintiff,<br><br>v.<br><br>MEDICARE FREEDOM OF<br>INFORMATION GROUP, *et al.*,<br><br>            Defendants. | Civ. Action No. 15-1135<br>      (EGS/GMH) |

**MEMORANDUM OPINION**

**I.  Introduction**

Ms. Rhonda Fleming ("Ms. Fleming" or "Plaintiff"), who proceeds *pro se*, brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking to obtain records related to her criminal conviction. *See* Compl., ECF No. 1 at 1-3.[1] On November 26, 2019, the Court entered final judgment for the Medicare Freedom of Information Group[2] and against Ms. Fleming. *See Fleming v. Medicare Freedom of Info. Grp.*, No. CV 15-1135 (EGS), 2019 WL 6329262, at *1 (D.D.C. Nov. 26, 2019).

---

[1] When citing electronic filings throughout this Opinion, the Court refers to the ECF page numbers, not the page numbers of the filed documents.
[2] Defendants have treated this suit as against the Centers for Medicare and Medicaid Services ("CMS"). *Fleming*, 2019 WL 2462814, at *1.

1

Ms. Fleming has since filed several motions seeking relief from that judgment. *See generally* Docket for Civ. Action No. 15-1135. Now pending before the Court are the following: Ms. Fleming's Motion for Relief Pursuant to Federal Rule[] of Civil Procedure, Rule 60(d)(1), *see* Pl.'s Mot. Relief Pursuant Fed. R. Civ. P., R. 60(d)(1) ("Pl.'s Rule 60 Mot."), ECF No. 208; Ms. Fleming's Motion for Relief Which is Unopposed by the Government, *see* Pl.'s Mot. Relief Unopposed by Government ("Pl.'s Mot. Relief"), ECF No. 212; Ms. Fleming's Motion for Leave to File Objections to Further Extensions and a Request for Discovery, *see* Pl.'s Mot. Leave File Attached Mots. ("Pl.'s Mot. Leave"), ECF No. 224; Ms. Fleming's Motion for Leave to File a Response, *see* Pl.'s Mot. Leave File Resp. ("Pl.'s Mot. Leave"), ECF No. 229; Ms. Fleming's Motion for Leave to File Additional Documents, *see* Pl.'s Mot. Leave File Additional Docs. ("Pl.'s Mot. Leave"), ECF No. 230; and Ms. Fleming's Motion for Additional Equitable Relief, *see* Pl.'s Mot. Additional Equitable Relief ("Pl.'s Mot. Additional Relief"), ECF No. 232.

Upon careful consideration of the motions, oppositions, and any replies; the applicable law; and the entire record herein, the Court hereby **DENIES** Ms. Fleming's motions.

**II.  Background**

   **A.  Factual**

The Court will assume the parties' familiarity with the factual background of this case, which is set forth in Magistrate Judge G. Michael Harvey's previous Report and Recommendation ("R. & R.") and adopted in this Court's subsequent Memorandum Opinion. *See* R. & R., ECF No. 122 at 2-5; Mem. Op., ECF No. 152 at 2-3. In short, in 2010, Ms. Fleming was convicted by the District Court for the Southern District of Texas on sixty-seven counts of Medicare-related health care fraud and related offenses in connection with her submission of fraudulent claims to Medicare. *Fleming v. Medicare Freedom of Info. Grp.*, 310 F. Supp. 3d 50, 51–52 (D.D.C. 2018). She was later sentenced to 360 months in prison and ordered to pay $6.3 million in restitution. *See* Ex. 2, ECF No. 227-1 at 119, 122.

   Ms. Fleming filed this Complaint in the District Court for the District of Minnesota in 2015. *Fleming*, 310 F. Supp. 3d at 52. That court dismissed most of her claims and transferred the case to this Court for resolution of her FOIA claim. *See* Notice of Transfer, ECF No. 56. This Court thereafter dismissed Ms. Fleming's motions, *see* Mem. Op., ECF No. 152; and entered final judgment against her, *see Fleming*, 2019 WL 6329262, at *1.

**B.    Procedural**

Ms. Fleming filed this Rule 60 Motion on August 5, 2021. *See* Pl.'s Rule 60 Mot., ECF No. 208. Defendants submitted their brief in opposition on May 17, 2022. *See* Defs.' Opp'n Pl.'s Mot. Relief Pursuant Fed. R. Civ. P. 60(d)(1) ("Defs.' Opp'n"), ECF No. 227. Ms. Fleming has since filed several other motions objecting to extensions of time and requesting discovery and other equitable relief. *See* Pl.'s Mot. Relief, ECF No. 212; Pl.'s Mot. Leave, ECF No. 224; Pl.'s Mot. Leave, ECF No. 229; Pl.'s Mot. Leave, ECF No. 230; Pl.'s Mot. Additional Relief, ECF No. 232. The motions are now ripe and ready for adjudication.

**III. Legal Standard**

**A. Rule 60(d)(1) Motion**

Under Federal Rule of Civil Procedure 60(d), a court may "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). This independent action is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). The moving party must show the following:

> (1) the judgment should not, in equity and good conscience, be enforced; (2) a good defense exists; (3) fraud, accident, or mistake prevented him from obtaining the benefit of his defense; (4) the absence of fault or negligence on his part; and (5) the absence of any adequate remedy at law.

*Sieverding v. Am. Bar Ass'n*, 439 F. Supp. 2d 111, 114 n.1 (D.D.C. 2006) (citing *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970), *cert. denied*, 399 U.S. 927 (1970)). This standard is demanding. *Rimi v. Obama*, 60 F. Supp. 3d 52, 57 (D.D.C. 2014), *aff'd*, 608 F. App'x 4 (D.C. Cir. 2015).

### B. Pro Se Litigants

"[P]ro se litigants are not held to the same standards in all respects as are lawyers." *Roosevelt Land, LP v. Childress*, No. CIV.A. 05-1292(RWR), 2006 WL 1877014, at *2 (D.D.C. July 5, 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The pleadings of pro se parties therefore "[are] to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation and internal quotation marks omitted). Even so, "[t]his benefit is not . . . a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)). Pro se litigants must comply with federal and local rules. *See Jarrell*, 656 F. Supp. at 239; *Roosevelt Land*, 2006 WL 1877014, at *2.

### III. Analysis

Ms. Fleming "moves the Court to reopen the case and grant the requested relief pursuant to" Rule 60(d)(1). Pl.'s Rule 60 Mot., ECF No. 208 at 1. She argues that this remedy is appropriate because "[r]ecently, [she] became aware" that Albert

5

Balboni ("Mr. Balboni"), the lead prosecutor in her criminal case, is no longer licensed to practice law and was ordered to resign from his position as an Assistant United States Attorney ("AUSA"). *Id.* at 2. She contends that Mr. Balboni was not mentally fit to practice law due to a "cognitive disability." *Id.* at 5. She argues that, because of this impairment, Mr. Balboni violated her due process rights and "other constitutional norms," failed to produce exculpatory evidence, and committed "fraud on the court." *Id.* at 3-4.

Ms. Fleming seeks sweeping relief to account for these violations. *See generally id.* at 1-6. Specifically, she argues that judgments in cases prosecuted by Mr. Balboni should not be enforced. *See id.* at 4. For authority, she cites *Committee for Public Counsel Services v. Attorney General*, 108 N.E.3d 966 (Mass. 2018), in which the Massachusetts Supreme Judicial Court ordered that thousands of convictions involving evidence from a drug lab scandal be vacated and dismissed with prejudice. *See id.* at 2, 5 (citing 108 N.E.3d at 993). Ms. Fleming argues that she and other defendants in cases assigned to Mr. Balboni merit the same remedy. *See id.* at 2, 5 (also noting that this relief "requires the approval of the Attorney General or a court order from a district judge with jurisdiction over AG Merrick Garland").

Defendants first argue that the Court should deny Ms. Fleming's Rule 60(d)(1) Motion because she "has not complied with the plain language of" the Rule. Defs.' Opp'n, ECF No. 227 at 5. The Court agrees with this argument. Rule 60(d)(1) "does not limit a court's power to entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). Ms. Fleming has not filed an independent action but has instead filed another motion in her closed civil case. *See* Pl.'s Rule 60 Mot., ECF No. 208; *see generally* Docket for Civ. Action No. 15-1135. The failure to file a separate action is fatal to her motion. *Cf. Rimi*, 60 F. Supp. 3d at 54 (plaintiff brought "independent action" under Rule 60(d)(1)).

Moreover, even if Ms. Fleming had filed the Motion in an independent action, she has not met the high bar necessary for relief under Rule 60(d)(1). "[A]n independent action [under this Rule] should be available only to prevent a grave miscarriage of justice." *Beggerly*, 524 U.S. at 47. However, "[a] party cannot use an independent action as a vehicle for the relitigation of issues." *Klayman v. Jud. Watch, Inc.*, No. 19-2604 (TSC), 2021 WL 602900, at *5 (D.D.C. Feb. 16, 2021) (internal quotation marks omitted) (quoting *In re Salas*, No. 18-00260, 2020 WL 6054783, at *22 (Bankr. D.D.C. Oct. 13, 2020)), *aff'd*, 851 F. App'x 222 (D.C. Cir. 2021).


Ms. Fleming has not met the demanding standard to bring an independent action because the issues she raises in the instant motion are the same as the issues she raised in previous motions. As Defendants state in their Opposition, Ms. Fleming raised the issue of Mr. Balboni's "mental impairment" in her 2014 Motion to Vacate in the District Court for the Southern District of Texas. *See* Ex. 3, ECF No. 227-1 at 126 (Motion to Vacate). There, she argued that Mr. Balboni "knew he suffered with memory loss, yet continued to practice law, thus making false or inaccurate statements defrauding the Court." *Id.* She made the same argument again in her 2014 Motion for a New Trial, contending that "[f]rom preindictment to the present, a government attorney with a serious mental impairment has represented the Government in a manner which has violated [her] right to a fair trial." Ex. 4, ECF No. 227-1 at 133 (Motion for a New Trial and other relief). That court rejected her argument both times. *See* Ex. 4, ECF No. 227-1 at 146-48 (Order).

Ms. Fleming has also raised the issue of Mr. Balboni's mental fitness to this Court. Most recently, in 2018, she moved the Court to set aside her criminal conviction and the civil judgment against her because "these two judgments were procured through fraud on the court." *Fleming v. Medicare Freedom of Info. Grp.*, No. 1:15-CV-01135 (EGS/GMH), 2018 WL 8577960, at *2 (D.D.C. July 24, 2018), *report and recommendation adopted*, No.

CV 15-1135 (EGS), 2019 WL 2462814 (D.D.C. June 13, 2019). The Court rejected this argument. *See* 2019 WL 2462814, at *3. And in the R. & R. later adopted by the Court, Magistrate Judge Harvey noted that Ms. Fleming made this same argument in her Motion for Partial Summary Judgment and that the Court had already rejected her claims. *See id.*

In sum, Ms. Fleming now presents an argument[3] that she has raised repeatedly and unsuccessfully since 2014. The history of this litigation and the underlying cases against Ms. Fleming show that she "had adequate remedies at law, and indeed took advantage of them." *Klayman*, 2021 WL 602900, at *6. She therefore is barred from bringing an independent action under Rule 60(d)(1). *Id.* at *5-6. Accordingly, the Court **DENIES** Ms. Fleming's Rule 60(d)(1) Motion.[4]

The remainder of Ms. Fleming's motions all relate to her Rule 60 Motion. *See* Pl.'s Mot. Relief, ECF No. 212; Pl.'s Mot. Leave, ECF No. 224; Pl.'s Mot. Leave, ECF No. 229; Pl.'s Mot. Leave, ECF No. 230; Pl.'s Mot. Additional Relief, ECF No. 232. As such, the Court **DENIES** these motions as moot. *See Jackson v.*

---

[3] Ms. Fleming's request that the judgments against her and all others prosecuted by Mr. Balboni be vacated does not change the nature of her argument—namely, that Mr. Balboni's mental impairment deprived her of a fair trial and constituted fraud on the court. *See* Pl.'s Rule 60 Mot., ECF No. 208 at 3-5.
[4] The Court need not reach Defendants' arguments that it should construe Ms. Fleming's Rule 60(d)(1) Motion as a Motion Under 28 U.S.C. § 2255. *See* Defs.' Opp'n, ECF No. 227 at 9-11.

*Ivens*, No. CV 01-559-LPS, 2019 WL 4604027, at *5 (D. Del. Sept. 23, 2019) (denying as moot motions for discovery and relief upon denying Rule 60(d)(3) motion); *United States v. Raifsnider*, No. CRIM.A. 04-10255-01, 2013 WL 1137479, at *2 (D. Kan. Mar. 7, 2013) (denying as moot motion for discovery upon denying Rule 60(d)(1) motion), *aff'd*, 533 F. App'x 862 (10th Cir. 2013).

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Ms. Fleming's motions. *See* Pl.'s Rule 60 Mot., ECF No. 208; Pl.'s Mot. Relief, ECF No. 212; Pl.'s Mot. Leave, ECF No. 224; Pl.'s Mot. Leave, ECF No. 229; Pl.'s Mot. Leave, ECF No. 230; Pl.'s Mot. Additional Relief, ECF No. 232. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            June 30, 2023**